No. 33.—G. M. LOGAN, plaintiff in error, *vs.* A. S. GIGLEY, defendant.

[1.] A Court of Equity will not entertain a bill for the purpose of correcting an alleged *mistake*, in regard to *the facts* stated in a bill of exceptions, and certified by a Judge of the Superior Court, according to the provisions of the Act of 1845, organizing the Supreme Court of Georgia: especially, when the party tendering such bill of exceptions, made no complaint of any mistake therein, until after the argument of the cause in the Supreme Court, upon such bill of exceptions, and the judgment of the Court thereon. The Act of 1845 points out a different remedy, when the presiding Judge shall refuse to certify a bill, of exceptions *properly* tendered; that is to say, if such bill of exceptions be *true* and *consistent* with what has transpired in the cause before him.

In Equity, in Bibb Superior Court.    Decision on demurrer, made by Judge STARKE, July Term, 1851.

The bill charges, that in 1849, the defendant instituted his action against one John · G. Myers and the complainant, alleging that Myers, as principal, and complainant as security, made and executed to him (Gigley) a bond for titles to a certain lot in the City of Macon, and that they had failed to make titles to said lot in terms of said bond; and that to this action, complainant · (Myers not having been served) pleaded, among other things, that the bond was given by Myers, as administrator of Charles T. England, deceased, on a contract of sale of the real estate of England, made privately and contrary to law. And when the plaintiff had closed his case, the bill alleges that complainant moved the Court to non-suit the case, on the following, among other grounds:

"That the testimony showed, that the undertaking in the bond was illegal and void, and that the obligors and obligees were cognizant of it, and *particeps criminis*, in this, that it was an obligation on the part of Myers, as administrator of Charles T. England, to sell the real estate of deceased, contrary to the Statutes regulating the sale of intestates' real estates. The

Court refused the motion to non-suit, and a verdict was found against the complainant.

The bill charges, that to the decision of the Court, complainant excepted, and by writ of error, carried the same to the Supreme Court; that when the bill of exceptions was presented to Judge STARKE, for his signature, counsel for Gigley added to the first ground, the following: "There was no evidence to show the knowledge of plaintiff, to the fact stated, other than the bond in evidence," which the bill charges was a mistake.

The bill charges, that in consequence of this mistake, he has been injured and damaged, because the Supreme Court, in the case made and carried up by said bill of exceptions, sustained the legal defence set up by complainant to said action, but decided that the same was not proved.

The prayer of the bill was that the judgment rendered and *fi. fa.* issued in said case might be decreed to be set aside, annulled and cancelled, &c.

To this bill, the defendant filed a general demurrer.

Which, at the hearing, was sustained by Judge STARKE, and the bill dismissed.

To which decision, counsel for complainant excepted.

COLE & WHITTLE, for plaintiff in error.

R. HARDEMAN, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The object of this bill is professedly to correct what is alleged to have been a *mistake*, by the presiding Judge of the Superior Court, in certifying and signing the bill of exceptions, as stated in the record. By the Act of 1845, it is made the duty of the Judge of the Superior Court, upon the exhibition of a bill of exceptions, to certify and sign the same, if such bill of exceptions *be true and consistent with what transpired in the cause tried before him.* 1 *Kelly,* 7. The complaint now made is, that the bill of exceptions, which was certified and signed by the

Judge of the Superior Court, is not true and consistent with what transpired in the cause; but that there is a *mistake* in regard to the facts as certified to by him, by means whereof, on the argument of the cause before the Supreme Court, the judgment of the Court below was affirmed. If there was such a mistake as is alleged, on the part of the presiding Judge, the parties were rather slow in discovering it. The cause was prepared for argument and was argued before this Court without any complaint as to the alleged mistake. The judgment of this Court, in that case, will be found in 9 *Geo. Rep.* 115. The counsel of the parties, and especially the counsel for the plaintiff in error, must be presumed to have been familiar with his bill of exceptions, both before and at the time of the argument before this Court; and in our judgment, it would be establishing a very dangerous precedent, to permit parties to attack or impeach a bill of exceptions, after judgment rendered thereon, as the complainant now proposes to do, if there existed no other objections to such a remedy. But the 6th section of the Act of 1845, organizing the Supreme Court of Georgia, provides the appropriate remedy, when the Judge of the Superior Court shall refuse to certify a bill of exceptions, when *properly* tendered; that is to say, when a bill of exceptions is tendered to the Judge of the Superior Court, which is *true* and *consistent* with what has transpired in the cause before him. The proceeding now before us, seeks to correct the bill of exceptions, the verification of which, the law devolves upon the Judge of the Superior Court, without making that officer a party or giving him an opportunity to be heard in regard to his official conduct. There are, doubtless, many bills of exceptions tendered for the certificate of the presiding Judge, in which counsel, in their zeal for the cause of their client, may think that officer is *mistaken*, as to what actually transpired before him on the trial of the cause; but nevertheless, the law makes the Judge the *arbiter* to decide between them, and it affords no jurisdiction to a Court of Equity, to interfere and set aside a judgment rendered upon such a bill of exceptions; the more especially, as the party who tendered such bill of exceptions, never made any complaint, or took any

step to correct it until after the hearing thereon, in the Supreme Court. This case is not entitled to the favorable consideration of a Court of Equity, for another reason. The present complainant, in his plea to the original suit, which is part of the record before us, alleges, that " the bond, which was the foundation of the suit, is illegal and void, because given by the administrator of Charles T. England, on a contract of sale of the land of his intestate, which was made privately and contrary to the Statutes in such cases made and provided, within the *knowledge of all the parties to said bond*, and in *fraud* of the Statutes regulating the sale of intestates' property."

The complainant seeks to be relieved from a judgment founded on a contract, which, according to his own showing, is in violation of the Statutes of this State, and in contravention of public policy. 1 *Story's Eq.* 295, §298. *Howell, administrator, vs. Fountain et al.* 3 *Kelly,* 176. In every view which we have taken of this case, the judgment of the Court below, sustaining the demurrer and dismissing the complainant's bill, must be affirmed.